FILED'10 AUG 11 10:41USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PARTICK ODINE ANTONE,

        Petitioner,

v.

MILLS,

        Respondent.

Civil No. 08-964-PA

OPINION AND ORDER

Tonia L. Moro
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of his underlying convictions for Kidnapping, Rape, Sodomy, and Attempted Aggravated Murder. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#12) is denied.

## BACKGROUND

On July 29, 2000, petitioner violently attacked the victim in this case, choking her to unconsciousness before tying her up with telephone cord and duct tape. He duct-taped a sock in her mouth and placed a dark pillow case over her head and proceeded to rape and sodomize her over the course of several hours before locking her in a small compartment under the bed in his trailer. Respondent's Exhibit 119. When petitioner left the trailer, the victim was able to kick her way out of the compartment, break a window in the trailer (the trailer had been padlocked to prevent her escape), and yell for help. A person in a neighboring trailer heard the victim's cries for help and summoned the police. *Id.*

Petitioner was ultimately indicted in Lane County on charges of Kidnapping in the First Degree, Sodomy in the First Degree, Robbery in the First Degree, Attempted Aggravated Murder and four counts of Rape. Respondent's Exhibit 102. Petitioner entered a guilty plea but later filed a motion to withdraw the guilty plea based on an alleged mental deficiency, an issue which had

2 - OPINION AND ORDER

previously been resolved in favor of petitioner's fitness to proceed when he changed his plea from not guilty to guilty. Respondent's Exhibit 103. With respect to the motion to withdraw, petitioner's attorney refused to present the motion believing it to be meritless, and asked to withdraw from representation. Respondent's Exhibit 104, pp. 5-6, 9-10. In an abundance of caution, the trial court ultimately allowed petitioner's attorney to withdraw and noted:

> I have been presented with no evidence that I know of that leads me to conclude that he's unfit to proceed. But I'm going to request the verifiers to appoint him a new lawyer . . . And new counsel can decide whether or not new counsel thinks there should be any fitness issue and so forth.
>
> But I'm not held by what I've heard that I should be doing anything about fitness to proceed. I had that before me at the time of change of plea and I wasn't convinced that he was unfit to proceed then. So new counsel is going to be appointed by the verifiers.

*Id* at 12.

Following a fitness hearing which included expert testimony, the trial court concluded that petitioner: did not have a mental disease or defect, that he was able to understand the nature of the proceedings against him, was able to aid and assist and cooperate with counsel, and that he was capable of participating in his defense. Respondent's Exhibit 107, p. 3.

Thereafter, petitioner informed his new attorney that he did not wish to withdraw his plea. Respondent's Exhibit 108. He also stated he didn't really care, and that the court could kill him as

3 - OPINION AND ORDER

far as he was concerned. *Id.* Petitioner repeatedly refused to answer the court's questions, and the court ultimately proceeded to sentence him to the stipulated plea agreement term of 410 months in prison. *Id.*

Petitioner directly appealed, but his attorney could not find any meritorious issues to raise and filed a *Balfour* brief.[1] The Oregon Court of Appeals granted the State's motion for summary affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 113, 114.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the Circuit Court denied relief on the petition. Respondent's Exhibit 128. The Oregon Court of Appeals affirmed the PCR trial court's judgment without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 133, 134.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on August 18, 2008. In his Amended Petition, petitioner raises the following grounds for relief:

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

4 - OPINION AND ORDER

1. Petitioner suffered from the ineffective assistance of trial counsel when counsel failed to: (1) ensure that petitioner's waiver of his right to trial was knowing and voluntary; (2) object to consecutive sentences; (3) properly argue the motion to withdraw petitioner's guilty plea; (4) obtain a reliable mental evaluation; and (5) advise petitioner of the departure maximum sentence that could be imposed;

2. Petitioner was denied his right to a lawful sentence because his sentence is not supported by findings of aggravating factors, and court findings are not constitutionally sufficient to justify the departure and consecutive sentences; and

3. The trial court violated petitioner's right to due process when it: (1) denied his attempts to withdraw his guilty plea; (2) accepted his guilty plea after guards beat him and despite a conflict of interest and threats that induced the plea; and (3) allowed him to make a guilty plea that was unknowing, involuntary, and unintelligent.

Respondent asks the court to deny relief on the Amended Petition because: (1) this case was not timely filed; (2) the claims petitioner raises are procedurally defaulted; and (3) and the claims lack merit.

## DISCUSSION

Pursuant to the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to federal habeas corpus actions. 28 U.S.C. 2244(d)(1). The parties agree that 598 untolled days accrued between the conclusion of petitioner's state proceedings and the filing of this habeas action, thus petitioner failed to file this case within the limitation period. Petitioner asks the court to excuse the

5 - OPINION AND ORDER

untimely filing because: (1) the fundamental miscarriage of justice exception to procedural default should allow him to pursue his claims pertaining to his competency; (2) he was the victim of the two-year statute of limitations applicable to Oregon's PCR actions; and (3) his schizophrenia constitutes an extraordinary circumstance to justify equitable tolling. The court takes these arguments in turn.

I.   **Fundamental Miscarriage of Justice**

According to petitioner, the fundamental miscarriage of justice exception to procedural default should serve to excuse the untimely filing of his Petition. Specifically, he argues that he was not sufficiently competent at the time he entered his guilty plea for the court to have confidence in the outcome of that criminal proceeding.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" to satisfy the fundamental miscarriage of justice exception in order to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*,

6 - OPINION AND ORDER

121 S.Ct. 1665 (2001). The Ninth Circuit has held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence." *Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003). The meaning of "newly presented" evidence is evidence that was not before the trial court. *Id.*

Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

Here, petitioner does not attempt to prove his factual innocence regarding his crimes, but instead seeks to establish that he did not knowingly plead guilty. In this way, petitioner seeks to expand the coverage of the fundamental miscarriage of justice exception from factual innocence regarding the crime itself to claims pertaining to the legal sufficiency of a guilty plea to excuse an untimely filing. Petitioner does not cite, and the court is unable to find, any binding authority requiring such an expansion. Indeed, the Supreme Court has expressly dictated that a petitioner seeking to demonstrate a fundamental miscarriage of justice must show factual innocence, not legal insufficiency.

7 - OPINION AND ORDER

*Bousley v. United States*, 523 U.S. 538, 559 (1998). Petitioner has not attempted to show his factual innocence in this case.

Moreover, the evidence which petitioner offers to prove that he was not competent to plead guilty at the time he did so is insufficient to overcome the remainder of the evidence that petitioner was, in fact, competent. Petitioner relies on the report of Dr. Crocker Wensel, but she concluded that petitioner appeared to understand the nature of the proceedings and was able to aid and assist his counsel. Petitioner's Exhibit 1, p. 1. The issue of petitioner's competency was addressed by the trial court in depth, and the record shows that the trial court took extensive precautions to ensure that petitioner was competent to enter his plea, and petitioner's own belligerence during his hearings does not show that he was incompetent. In fact, multiple physicians found petitioner fit to proceed, and the trial court twice found him competent. Accordingly, even assuming petitioner is not required to make any showing whatsoever that he did not commit the crimes in question, he has not made a substantial showing that he was incompetent at the time he pled guilty.

## II. Two-Year PCR Statute of Limitations

Petitioner next argues that the two-year Oregon state statute of limitations applicable to the filing of PCR actions creates a trap for unwary petitioners. Specifically, he claims that a litigant may properly wait for more than one year to file a PCR

8 - OPINION AND ORDER

action in Oregon, but nevertheless find himself outside of AEDPA's one-year limitation period to file a federal habeas corpus case because the two limitation periods run concurrently to each other. He asserts that this is precisely the trap he fell into, and asks the court to equitably toll the statute of limitations applicable to this case.

The Ninth Circuit, addressing precisely this issue arising out of an Oregon case, explicitly rejected the argument petitioner makes here. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert. denied*, 540 U.S. 924 (2003). Contrary to petitioner's assertion, *Ferguson* remains good law and governs the disposition of this argument.

### III. **Equitable Tolling for Schizophrenia**

Petitioner also asks the court to equitably toll the statute of limitations because he suffers from schizophrenia and was therefore unable to fully educate himself regarding the interplay of Oregon's two-year PCR statute of limitations and the one-year limitation period applicable to the current action.

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408,

9 - OPINION AND ORDER

418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Mental incompetence can support equitable tolling if the incompetence in fact caused him to fail to meet the AEDPA filing deadline. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

As previously noted, multiple physicians found petitioner able to aid and assist and fit to proceed, and the trial court determined on two different occasions that petitioner was competent. When petitioner was admitted to the Oregon Criminal Institution on September 28, 2001, he was diagnosed with Major Depression and Low Intellectual Functioning and prescribed medication. Petitioner's Exhibit 2, p. 16. Between May, 2002 and August, 2004 petitioner was diagnosed as having a schizoaffective disorder and given medication and he was treated with a variety of medications. *Id* at 3-4. In August 2004, petitioner was diagnosed with schizophrenia and treated with medication. *Id* at 6-8. Petitioner asserts that these illnesses, especially his schizophrenia which was not diagnosed until August 2004, rendered him so incompetent that he could not manage his legal affairs and timely file this federal habeas action.

10 - OPINION AND ORDER

The record reveals that petitioner was able to file two separate *pro se* briefs during his direct appeal in February 2003 and May 2003. Petitioner was then able to timely file a *pro se* PCR petition in July of 2007. Importantly, petitioner demonstrated his awareness of his legal situation as recently as June 2008 when he filled his *pro se* Petition for Writ of Habeas Corpus in this case only *a single day* after the Oregon Supreme Court denied review in his PCR action. These actions do not support petitioner's contention that he was too mentally incompetent to manage his affairs.

Although petitioner also claims that he was misadvised as to the calculation of his federal statute of limitations by a non-lawyer law clerk within his prison, this is not an extraordinary event which gives rise to equitable tolling. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (there is no "freestanding right to a law library or legal assistance"); *see also Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (incompetence of inmate law clerk does not create "extraordinary circumstances" warranting equitable tolling).

It is clear that petitioner was not so mentally incompetent that he simply could not have filed this case in a timely manner. Essentially, petitioner waited 19 months to file for PCR in Oregon's courts, an acceptable time frame for that action, but one which precluded him from timely filing this action. As noted

11 - OPINION AND ORDER

above, the Ninth Circuit has clearly determined that a prisoner's confusion in this area does not constitute an extraordinary circumstance sufficient to equitably toll AEDPA's statute of limitations. Because petitioner has not created a real and substantial doubt as to his competency to timely file this habeas case, his alternative request for an evidentiary hearing is denied.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#12) is DISMISSED on the basis that it is untimely. Petitioner's alternative request for an evidentiary hearing is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 11 day of August, 2010.

Owen M. Panner
United States District Judge

12 - OPINION AND ORDER